

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AVIV CITRON,

        Plaintiff,

  -against-

NATIONAL RAILROAD PASSENGER CORP.,

        Defendant.

20-CV-1039 (AJN) (BCM)

**ORDER REGARDING GENERAL PRETRIAL MANAGEMENT**

**BARBARA MOSES, United States Magistrate Judge.**

    The above-referenced action has been referred to Magistrate Judge Barbara Moses for general pretrial management, including scheduling, discovery, non-dispositive pretrial motions, and settlement, pursuant to 28 U.S.C. § 636(b)(1)(A). All pretrial motions and applications, including those related to scheduling and discovery (but excluding motions to dismiss or for judgment on the pleadings, for injunctive relief, for summary judgment, or for class certification under Fed. R. Civ. P. 23) must be made to Judge Moses and in compliance with this Court's Individual Practices in Civil Cases and Emergency Individual Practices in Civil Cases, available on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses.

    The Court notes that on December 10, 2020, plaintiff filed a motion to compel responses to its written discovery requests. (Dkt. No. 23.) The motion does not comply with Local Civil Rule 37.2, Nathan Indiv. Prac. § 2(C), or Moses Indiv. Prac. § 2(b). Moreover, defendant responded on December 14, 2020, acknowledging that its discovery responses are overdue and committing "to completing appropriate responses within two (2) weeks." (Dkt. No. 24.) On this record, plaintiff's motion is DENIED without prejudice to renewal, in compliance with Local Civil Rule 37.2 and Judge Moses's Individual Practices should defendant fail to serve its written responses and produce documents by December 28, 2020.

In light of defendant's delayed discovery responses, it is hereby ORDERED that the deadline to complete all fact discovery is EXTENDED to **February 12, 2021**, and the deadline to complete all expert discovery is EXTENDED to **March 26, 2021**.

The discovery deadlines having now been twice extended, the parties are cautioned that no further extensions will be granted absent compelling circumstances.

Parties and counsel are cautioned:

1. All discovery must be initiated in time to be concluded by the close of discovery set by the Court.

2. Discovery applications, including letter-motions requesting discovery conferences, must be made promptly after the need for such an application arises and must comply with Local Civil Rule 37.2 and § 2(b) of Judge Moses's Individual Practices. It is the Court's practice to decide discovery disputes at the Rule 37.2 conference, based on the parties' letters, unless a party requests or the Court requires more formal briefing. Absent extraordinary circumstances, discovery applications made later than 30 days prior to the close of discovery may be denied as untimely.

3. For motions other than discovery motions, pre-motion conferences are not required, but may be requested where counsel believe that an informal conference with the Court may obviate the need for a motion or narrow the issues.

4. Requests to adjourn a court conference or other court proceeding (including a telephonic court conference) or to extend a deadline must be made in writing and in compliance with § 2(a) of Judge Moses's Individual Practices. Telephone requests for adjournments or extensions will not be entertained.

5. In accordance with § 1(d) of Judge Moses's Individual Practices, letters and letter-motions are limited to four pages, exclusive of attachments.

6. If you are aware of any party or attorney who should receive notice in this action, other than those currently listed on the docket sheet, please notify Courtroom Deputy Kevin Snell at (212) 805-0228 immediately.

> **PLEASE BE AWARE THAT, FOR THE DURATION OF THE COVID-19 NATIONAL EMERGENCY, UNLESS OTHERWISE ORDERED BY THE COURT:**
>
> **<u>Conferences and Hearings</u>. All court conferences and hearings will be conducted by teleconference. Please treat the teleconference as you would treat a public court appearance. If a conference or hearing in another matter is ongoing, please be silent (mute your line) until your case is called.**
>
> **<u>Remote Depositions</u>. Pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4), all depositions in this action may be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means. This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (*e.g.*, telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.**

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 23.

Dated: New York, New York
December 16, 2020

**SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**