# MEMO ENDORSED



**Casey Jones**
LAW FIRM

June 1, 2021

**VIA ECF**
Honorable Alison J. Nathan
United States District Court
Southern District of New York

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/4/21

RE: *Aviv Citron v. National Railroad Passenger Corporation d/b/a Amtrak* **(20-CV-1039)**

Dear Judge Nathan:

Plaintiff requests that the Court schedule a conference regarding Defendant refusing to produce documents to which he is entitled. This discovery dispute remains unresolved despite Plaintiff's good faith efforts, and a meet-and-confer teleconference held between counsel for the parties.

On March 12, 2021, Plaintiff served requests for production on Defendant, which required Defendant to produce three types of documents: transcripts of testimony given by its retained expert—Dr. Ramesh Gidumal—for Amtrak in other cases, reports prepared by Gidumal that have been produced by Amtrak in other cases, and documents demonstrating compensation paid to Gidumal by Amtrak for such testimony and reports.

---

Plaintiff is reminded that discovery disputes are within the scope of the referral to Judge Moses (Dkt. No. 25) and that a party seeking a discovery ruling is expected to comply with Moses Ind. Prac. § 2(b). Plaintiff's Application is GRANTED to the extent that the Court will conduct a discovery conference on June 11, 2021, at 10:00 a.m., in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse. This is an in person conference. Counsel are advised to consult the Chief Judge's current entryprotocols, available at https://nysd.uscourts.gov/covid-19-coronavirus, in advance of the conference. As of the date of this Order, masks are required in public areas of the courthouse, including Courtroom 20A, regardless of vaccination status.

In accordance with Moses Ind. Prac. § 2(e), plaintiff's optional reply letter is due no later than June 7, 2021. The Court would appreciate learning (1) the subject of Dr. Gidumal's report; (2) whether Dr. Gidumal's deposition has been taken, and if so whether plaintiff elicited any testimony about his work for Amtrak in other cases; and (3) whether there is any precedent in this District for an order directing a party to produce the documents sought here: expert reports prepared by, expert testimony given by, and records of payments made to that party's retained expert in prior cases for the same party.

It is the Court's intention to resolve the parties' discovery dispute based on their letters, augmented by such argument as may be presented at the conference, until the Court directs the parties to submit more formal briefing. **SO ORDERED.**

_____
**Barbara Moses**
**United States Magistrate Judge**
**June 4, 2021**



Defendant did not respond until May 17, 2021, well over a month after the April 12, 2021 due date, and it did so then only because Plaintiff prodded it.[1] Furthermore, the responses Defendant finally served consist of nothing more than a myriad of boilerplate objections. Defendant's refusal to produce the requested documents is not taken for two reasons: (1) Defendant's objections are untimely, and (2) his requests are not objectionable.

**(1) Defendant's objections are untimely.**

"Fed. R. Civ. P. 34(b)(2)(A) . . . states that [t]he party to whom the request is directed must respond in writing within 30 days after being served." *David v. Weinstein Co. LLC*, No. 18-cv-5414 (RA), 2020 U.S. Dist. LEXIS 126287, at *12 (S.D.N.Y. July 17, 2020). (substitution in *David*) (internal quotation marks omitted). "Courts in this Circuit have noted that a party's failure to timely respond to discovery requests may constitute a waiver of objections to those requests." *David*, 2020 U.S. Dist. LEXIS 126287, at *12. Defendant has therefore waived its objections to Plaintiff's request by failing to timely respond. *See*, *e.g.*, *id.* Consequently, Plaintiff is entitled to the documents he has requested regardless of whether his requests are objectionable.

---

[1] This is in keeping with Defendant's modus operandi in this case. Plaintiff has served a set of requests for admission, three sets of requests for production, and three sets of interrogatories. Defendant has not timely responded to one of them. Instead, it has waited until Plaintiff repeatedly prods it and/or files a motion to compel. *See* Dkt. 23.

3520 Cherryvale Avenue
Suite 83
Appleton, WI 54913
(757) 477-0991
www.caseyjones.law



**(1) Plaintiff's requests are not objectionable**

In addition to being untimely, Defendant's objections are not well-founded. Rule 26 of the Federal Rules of Civil Procedure requires that parties disclose the other cases in which their experts have testified. Inherent in this is that their testimony in such cases is discoverable:

> The reports … are also relevant to Dr. Kinsler's credibility and whether there is inconsistency in his analysis of these interviews. *See Douponce v. Drake*, 183 F.R.D. 565 (D. Colo. 1998) (allowing discovery of prior independent medical examination reports, in part because they were relevant to potential bias on the part of the examining physician); *Safeco Ins. Co. of Am. v. Vecsey,* 259 F.R.D. 23, 33 (D.Conn.2009) (holding that reports written by or relied on by expert witness in other cases are relevant as to the expert's credibility and are subject to discovery); *ParkerVision, Inc. v. Qualcomm Inc.*, No. 3:11-cv-719, 2013 U.S. Dist. LEXIS 99787, *5 (M.D. Fla. July 17, 2013) (holding that prior expert reports are relevant and discoverable in part because the reports can be used for impeachment and the information in the reports was related to expected testimony).

*Simuro v. Shedd*, No. 2:13-cv-30, 2014 U.S. Dist. LEXIS 157977 at *9 (D. Vt. Nov. 6, 2014).

For the reasons stated above, Plaintiff respectfully requests that the Court schedule a teleconference.

Sincerely,

Nicholas D. Thompson

NDT/slm

3520 Cherryvale Avenue
Suite 83
Appleton, WI 54913
(757) 477-0991
www.caseyjones.law